**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| STACY CURTIS, Individually and on Behalf Of the Estate of BILLY LEE ROSE<br><br>    Plaintiff<br><br>VS.<br><br>WEST WHARTON COUNTY HOSPITAL DISTRICT D/B/A UNIVERSITY PARK NURSING AND REHABILITATION; WICHITA FALLS I  ENTERPRISES LLC; AND CREATIVE SOLUTIONS IN HEALTHCARE INC.<br><br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:25-cv-471 |

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants West Wharton County Hospital District, Wichita Falls I Enterprises, L.L.C., and Creative Solutions in Healthcare, Inc. ("Defendants") file this their Motion to Dismiss:

## I.    BACKGROUND

This lawsuit involves various claims of medical malpractice that arose as a result of Plaintiff's residency at University Park Nursing and Rehabilitation. Specifically, Plaintiff alleges that Defendants' negligence caused Mr. Rose "skin breakdown, pressure wounds, and infections" "requiring multiple emergency department visits and hospitalizations". (Dkt. No. 1 at 4-12). Plaintiff further alleges: "As a proximate result of Defendants' actionable derogation of its regulatory and statutory responsibilities, BILLY LEE ROSE  was injured as previously referenced, and suffered pain and distress as a result of University Park's poor care and treatment, which allowed him to suffer harm as described herein.  As such,  BILLY LEE ROSE has suffered" and is entitled to recover damages and attorneys' fees. (Dkt. No. 1 at 15-16).

DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS

## II.    SUMMARY OF THE ARGUMENT

Plaintiff's Petition fails to establish that this Honorable Court has subject matter jurisdiction. Plaintiff's statement as to the jurisdiction of this court is conclusory and legally insufficient. Further, Plaintiff fails to establish that its suit involves a federal question. Finally, while Plaintiff attempts to artfully plead itself out of Chapter 74 of the Texas Civil Practice and Remedies Code, a practical reading of the petition establishes that Plaintiff has brought a medical malpractice case against Defendants which is exclusively governed by Chapter 74 of the Texas Civil Practice and Remedies Code. As such, this Honorable Court lacks subject matter jurisdiction and should dismiss Plaintiff's suit against Defendants.

## III.    LEGAL AUTHORITY AND ARGUMENT

Plaintiff alleges that its case is a proceeding "under 42 U.S.C. § 1983 to remedy deprivations of rights under the Omnibus Budget Reconciliation Act of 1987; the Federal Nursing Home Reform Act; the Federal Nursing Home Regulations as found at 42 C.F.R. § 483, which amplify the aforementioned statutes." (Dkt. No. 1 at 1). Plaintiff further alleges that this Honorable Court has jurisdiction because it presents issues of federal law pursuant to 28 U.S.C. § 1331. (Dkt. No. 1 at 2).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v City of Madison Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). 28 U.S.C.A. § 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, it is well settled that "Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

*Howery v. Allstate Insurance Company,* 243 F.3d 912, 916 (5th Cir. 2001); *Maher v. Vaughn,*

*Silverberg & Associates, LLP,* 95 F.Supp.3d 999, 1006 (W.D. Tex. 2015).

As articulated by the Fifth Circuit:

> The general rule for determining whether a case raises a federal question was announced by Justice Homles in *American Well Works Co. v. Layne & Bowler Co,:* 'a suit arises under the law that creates the cause of action.' This famous formulation actually serves better to include than to exclude federal cases, however, in that claims created by state law often incorporate federal standards or require the interpretation of federal law. That is, the claim arises from state law but may turn on a question of federal law embedded in the matrix of state law. But *when* this federal question will sustain 'arising under' jurisdiction is the question. These cases are not answered by Holmes's formulation. In *Gully v. First National Bank in Meridian,* Justice Cardozo offered an answer: 'To bring a case within the [federal question jurisdiction] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. This was later refined in *Franchise Tax Board,* which insisted that the embedded federal question had to be substantial. Under *America Well Works,* a compliant creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States.  Under *Gully and Franchise Tax Board,* the complaint also creates a federal question jurisdiction when it states a cause of action is created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Ultimately, whether a federal issue embedded in a matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interests at stake—a view embraced by two giants in this field.

*Howery,* 243 F.3d at 917 (internal citations omitted).  The Fifth Circuit went on to hold that a

party's "mentioning of the rules, regulations, and statues" of federal law to merely "describe the

types of conduct" that supports its suit is not alleging a separate cause of action under federal law.

*Howery,* 243 F.3d at 917-18.  The Fifth Circuit ultimately held "the federal question in this case is

not 'substantial.' The State law issues overwhelm the federal law issues. No federal question

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

jurisdiction exists in this case." *Howery,* 243 F.3d at 918-19.

Stated another way by a District Court out of the Western District of Texas:

The question of whether a claim arises under federal law must be determined by reference to the 'well pleaded complaint.' A plaintiff could establish federal question jurisdiction by alleging a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field. More typically, '[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'

Regarding this latter category of 'necessary resolution' cases the 'mere presence of a federal issue in state cause of action does not automatically confer federal-question jurisdiction.' Likewise, the 'presence of a disputed federal issue … [is] never necessarily dispositive.' Instead, the 'necessary resolution's language 'far from creating some kind of automatic test … recognize[s] the need for careful judgments about the exercise of federal judicial power in the area of uncertain jurisdiction.'

The Supreme Court has summed up the relevant inquiry concerning whether federal jurisdiction exists: '[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state juridical responsibilities. The Fifth Circuit has broken down the inquiry into four factors: '(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."

…

To establish federal jurisdiction, [the plaintiff's] complaint must establish (1) federal preemption, (2) federal law creates the law or action, or (3) her right to relief necessarily depends on resolution of a substantial question of federal law.

*Maher,* 995 F.Supp.3d at 1007-08 (internal citations omitted); *see also, Kennedy v. Oxysure*

*Systems, Inc.* No. 3:16-CV-0065-B, 2016 WL 3523782, at *2-4 (N.D. Tex. June 28, 2016).

Moreover, "Parties who seek to invoke jurisdiction of the federal courts have they duty to establish jurisdiction by affirmatively alleging the facts conferring jurisdiction in their complaint." *Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir.1996). Simply stating that the court has subject matter jurisdiction under a particular statute is conclusory and insufficient to establish jurisdiction. *Id.*

Here, Plaintiff's Petition as to subject matter jurisdiction simply states: "As the instant case presents issues of federal law, jurisdiction is proper in this forum as a federal question, pursuant to 28 U.S.C. §1331." (Dkt. No. 1 at 2). Because Plaintiff's Petition is conclusory and insufficient to establish the jurisdiction of this Honorable Court, Plaintiff's Petition should be dismissed.

To the extent that this Honorable Court considers Plaintiff's Petition to not be conclusory Defendants' Motion to Dismiss must still be granted because Plaintiff's Petition fails to establish subject matter jurisdiction.

Plaintiff's assertion of subject matter jurisdiction is not based upon federal preemption or that the federal law actually creates the cause of action asserted, instead that its cause action presents a federal question.[1] As such, in order to establish subject matter jurisdiction Plaintiff must establish: "1) resolving the federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Maher,* 95 f.Supp.3d 1008-09, *quoting (Singh v. Duane Morris LLP,* 538 F.3d 334, 338 (5th Cir. 2008)); *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4. "If any one of these four prongs is not satisfied, a court should not exercise federal-question jurisdiction." *Maher,* 95 F.Supp.3d at 1009 (*quoting*

---

[1] To the extent Plaintiff asserts to the contrary its petition is insufficient to establish these justifications to establish subject matter jurisdiction. *Gaar* 86 F.3d at 453; *see also, Maher,* 995 F.Supp.3d at 1008. (where the plaintiff did not cite to "legislative history (or case law) suggesting Congress intended to create a federal scheme" in the area of law alleged so that there was not room for state law negligence and medical malpractice claim it failed to establish preemption).

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

*Marren v. Stout,* 930 F.Supp.2d 675, 681 (W.D. Tex. 2013)).

First, resolving the federal issue is not necessary, Plaintiff has alleged that Defendants have violated numerous federal regulations. However, whether Defendants violated these regulations is not necessary to determine whether Defendants acted negligently. Instead, even if Plaintiff proves that Defendants violated each federal regulation it has cited in its petition Plaintiff would still be required to establish additional elements of her claim in order to dispose of the case. *Maher,* 95 F. Supp.3d at 1011; *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4.  Thus, the federal question would not be dispositive to the case or necessary to resolve.

In addition to the regulations allegedly violated by Defendants, Plaintiff asserts general negligent acts such as properly staffing the facility and providing poor care to Mr. Rose. (Dkt. No.1 at 4-15).  "When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other based on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a 'necessary' element of the claim." *Maher,* 95 F.Supp.3d at 1009 (*citing Goffney v. Bank of Am., N.A.,* 897 F.Supp.2d 520, 526 (S.D. Tex. 2012)(*citing Willy v. Coastal Corp.,* 855 F.2d 1160, 1170-71 (5th Cir. 1998)(*citing Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810-13 (1988)))); *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4.

Because Plaintiff fails to meet this first prong, its petition must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

As to the second prong, is the federal issue actually disputed, while Defendants have not filed their answers yet due to this Motion to Dismiss, it is likely that Defendants will dispute that they violated, some or all of the regulations alleged in the petition.

As to the third factor, is the federal issue substantial. "Federal jurisdiction demands not

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Maher,* 95 F.Supp.3d at 1009-10 (*quoting Singh,* 538 F.3d at 338). "The Fifth Circuit summarized the [Supreme Court's] *Merrell [Dow]* decision as holding 'where Congress has provided no private remedy for the violation of a federal [regulation], the fact that violation of the statue is an element of a state tort claim is insufficient to establish a substantial federal interest.'" *Maher,* 95 F.Supp.3d at 1010 (quoting *Singh,* 538 F.3d at 338-39 & n. 4).

The other factors to be considered on whether the federal issue is substantial are: "(1) the case presents nearly a pure issue of law that would control many other cases rather than an issue that is fact-bound and situation-specific; (2) the federal government has an important interest in the issue, particularly if the case implicates a federal agency's ability to vindicate its rights in a federal forum; and (3) a determination of the federal question will be dispositive of the case." *Maher,* 95 F.Supp.3d at 1010 (*quoting Marren v. Stout,* 930 F.Supp.2d 675, 683 (W.D. Tex. 2013)); *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4.

Like in *Maher* and *Merrill Dow,* here Plaintiff alleges federal statute violations as an element of its negligence claims. "These pleading strategies represent efforts to effectively create a federal cause of action for violations of federal statutes or regulations where Congress declined to do so. The *Merrell Dow Court* specifically rejected this approach as a basis for federal jurisdiction." *Maher,* 95 F. Supp.3d at 1010 (*citing Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 812 (1986)).

Further, as in *Maher,* all of the subfactors described above indicate that Plaintiff's federal issue was not substantial. First, whether Defendants violated the various federal regulations contained in Plaintiff's Petition is a fact-bound situation-specific determination. *Maher,* 95

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

F.Supp.3d at 1010; *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4.

Secondly, Plaintiff has not challenged the actions of any federal agency involved in the enforcement of the regulations and therefore the federal government does not have an important interest in the outcome of the lawsuit. *Maher,* 95 F.Supp.3d at 1011; *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4.

Thirdly, even if Plaintiff establishes that Defendants violated the federal regulations it would still be required to prove the additional elements of negligence. *Maher,* 95 F.Supp.3d at 1011; *Kennedy,* No. 3:16-CV-0065-B, 2016 WL 3523782, at *3-4.

Because Plaintiff fails to establish the third factor she fails to establish a substantial federal issue and its cause should be dismissed.

Finally, the last factor is will federal jurisdiction disturb the balance of federal and state judicial responsibilities. *Maher,* 95 F.Supp.3d at 1011. The *Maher* Court astutely analyzed this factor which parallels the heart of issue in this case:

> In determining whether 'arising under' jurisdiction exists, courts must be careful not to open the federal courthouse doors to traditionally state cases. In *Merrell Dow,* the Supreme Court was hesitant to find federal jurisdiction for negligence *per se* cases based on violations of the federal FDCA due to the potential increase in federal litigation.
>
> While Maher has gone through great effort to avoid labeling her claims as medical malpractice claims, her creative pleading cannot alter the reality that her allegations amount to state law claims under Chapter 74 of the Texas Civil Practice and Remedies Code. Chapter 74 establishes substantive and procedural provisions to be applied to a lawsuit asserting a 'health care liability claim.' 'Chapter 74 does not create a separate cause of action, but rather governs all tort claims that are considered 'health care liability claims' as defined by the statue.
>
> A 'health care liability claim' is defined as:
>
> '…a case of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

> administrative services directly related to healthcare, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.'
>
> To determine whether a claim is a 'health care liability claim,' the court must examine the underlying nature of the claim. A plaintiff 'cannot use artful pleading to avoid [the statute's] requirements when the essence of the suit is a health care liability claim.' 'If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services, then the claim is a health care liability claim.'

95 F.Supp.3d at 1011-12 (internal citations omitted).

Here, Plaintiff is asserting a health care liability claim against Defendants as its allegations "revolve around alleged breaches of duties Defendants supposedly owed [Plaintiff] as health care providers." *Maher,* 95 F.Supp.3d at 1012. "Medical negligence claims have traditionally been within the domain of Texas law, and federal law should not interfere with the power of state authorities to regulate the practice of medicine. *Id.*

Because Plaintiff's Petition fails to establish this Honorable Court has subject matter jurisdiction its case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

Based upon the foregoing reasons, Defendants request that the Court enter an order dismissing them from this lawsuit.

Respectfully submitted,

By:    */s/ Eric L. Weborg Jr.*
Eric L. Weborg, Jr.
State Bar No. 24093335
eric_weborg@csnhc.com
4150 International Plaza, Suite 200
Fort Worth, TX 76109
Telephone: 817-386-8446
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was served upon the following counsel on this 16th day of December, 2025 via CM/ECF.

Constance Mutong
325 North St. Paul
Suite 2775
Dallas, Texas 75201
txservice@fightingelderabuse.com

*/s/ Eric L. Weborg Jr*
Eric L. Weborg Jr.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| STACY CURTIS, Individually and on Behalf Of the Estate of BILLY LEE ROSE | § § § § § § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. 6:25-cv-471 |
| WEST WHARTON COUNTY HOSPITAL DISTRICT D/B/A UNIVERSITY PARK NURSING AND REHABILITATION; WICHITA FALLS I  ENTERPRISES LLC; AND CREATIVE SOLUTIONS IN HEALTHCARE INC. | § § § § § § § § | |
| Defendants | § | |

## ORDER GRANTING DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS

Before the Court is Defendants' Rule 12(b)(1) Motion to Dismiss.  The Court, having

considered the same, is of the opinion the motion should be GRANTED.